KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARLENE KNUTSON and all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SUTTELL & HAMMER, P.S., a Washington corporation; and PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No.: <br><br> COMPLAINT – CLASS ACTION <br><br> JURY DEMANDED |

## I. INTRODUCTION

Plaintiff Darlene Knutson brings this class action Complaint, by and through her undersigned counsel, against Defendants Suttell & Hammer, P.S. ("Suttell") and Portfolio Recovery Associates, LLC, ("Portfolio") individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

CLASS ACTION COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1  The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1  Plaintiffs bring this class action for damages for Defendants actions of using unfair and unconscionable means to collect a debt.

3.2  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3  Plaintiffs seek damages, declaratory and injunctive relief.

## IV. PARTIES

4.1  Plaintiff is a natural person and resident of the state of Washington and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

4.2  Defendants are both collection agencies that are licensed to conduct business in Washington State. Portfolio's principal business purpose is

the collection of debts. Suttell regularly attempts to collect debts alleged to be due to another.

4.3   Suttell is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

4.4   Portfolio is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

## V. CLASS ACTION ALLEGATIONS

5.1   Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2   The Class consists of:

(a)   All individuals with addresses in the state of Washington;

(b)   Who were sued by Portfolio in a Washington Court;

(c)   In a case where Portfolio was represented by Defendant Suttell;

(d)   Where the complaint failed to state the name of the original creditor; and

(e)   Where the lawsuit was filed within one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

5.3   The identities of all class members are readily ascertainable from the records of the Defendants and the Courts where the offending cases were filed.

CLASS ACTION COMPLAINT - 3

5.4 Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis, allege that the Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' lawsuits violate the FDCPA 15 U.S.C §§ 1692, et seq.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

CLASS ACTION COMPLAINT - 4

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

5.6 Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other

CLASS ACTION COMPLAINT - 5

available methods for the fair and efficient adjudication of the controversy.

5.7 The class period is the one (1) year proceeding the filing of this case, where Defendant either served or filed any superior court lawsuit, through the date that the class is certified.

## VI. PLAINTIFF KNUTSON'S ALLEGATIONS OF FACT

6.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2 Sometime in February of 2018, Defendants served Ms. Knutson with a filed summons and complaint in the Pend Oreille County District Court.

6.3 Defendants' filed complaint omits any reference to the original account creditor, other than the last four digits of a sixteen-digit account number.

6.4 Plaintiff did not recognize the last four digits of the account that Defendants attempted to collect.

6.5 Plaintiff did not know what account, if any, had been sold or assigned to Portfolio for collection.

6.6 Plaintiff was confused by the Complaint's failure to identify the creditor that was claiming entitlement to her money.

CLASS ACTION COMPLAINT - 6

6.7  Failing to identify the original creditor caused the Plaintiff stress and frustration.

## VII.  CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

7.1  Plaintiff repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2  Defendant's failure to disclose the name of the original creditor is material because it may impact how a consumer chooses to respond to a lawsuit.

7.3  Defendant's failure to disclose the identity of the original creditor constitutes a concrete informational injury that is particularized to the state-court defendant who receives the lawsuit.

7.4  Defendant's debt collection effort violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

7.5  By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated §1692e of the FDCPA, statutory damages, costs and attorney's fees.

CLASS ACTION COMPLAINT - 7

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

8.1  Declaring that this action is properly maintainable as a Class action and certifying Plaintiffs as Class representatives and Kirk D. Miller as Class Counsel;

8.2  Awarding Plaintiffs and the Class statutory damages;

8.3  Awarding Plaintiffs costs of this Action, including reasonable attorney's fees and expenses;

8.4  Awarding pre-judgment interest and post-judgment interest; and

8.5  Awarding Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

DATED this 19th day of March, 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 8